FILED
2021 Jul-27  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| Tequell Duff a.k.a. Tequell Fernandez,<br><br>Plaintiff,<br><br>vs.<br><br>Carter-Young, Inc.,<br><br>Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TEQUELL DUFF A.K.A. TEQUELL FERNANDEZ, BY AND THROUGH COUNSEL, J.DANNY HACKNEY, ESQ., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Pell City, St. Clair County, Alabama.

4. Venue is proper in the Northern District of Alabama, Middle Division.

1

## **PARTIES**

5. Plaintiff is a natural person residing in City of Pell City, St. Clair County, Alabama.

6. The Defendant to this lawsuit is Carter-Young, Inc. which is a Georgia profit corporation that conducts business in the State of Alabama.

## **GENERAL ALLEGATIONS**

7. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to a third party in the amount of $540.00 (the "alleged Debt").

8. Plaintiff disputes the alleged Debt.

9. On December 22, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the alleged Debt as a collection item.

10. On or about March 3, 2021, Plaintiff sent Defendant a letter disputing the collection item.

11. On April 22, 2021, a prospective lender, Security Finance, obtained Plaintiff's Equifax credit file.

12. On April 29, 2021, another prospective lender, Synchrony Bank, obtained Plaintiff's Trans Union credit file.

13. On May 1, 2021, another prospective lender, Capital One Bank USA, obtained Plaintiff's Equifax and Trans Union credit files.

14. On May 7, 2021, another prospective lender, Vandergriff Chevrolet, obtained Plaintiff's Equifax and Trans Union credit files.

15. On May 10, 2021, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed Defendant last reported the collection item reflected by the Equifax and Trans Union on April 13, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

16. With a disputed item appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing.  Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove this dispute notation.

17. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

18. Defendant had more than ample time to instruct Equifax to flag its collection item as Disputed.

19. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

20. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing and credit for her day-to-day needs. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

## VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

25. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

26. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes their validity.  Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

27. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

28. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a.  Actual damages;

b.  Statutory damages;

5

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: June 27, 2021

By:   */s/ J. Danny Hackney*
J. Danny Hackney
The Hackney Law Firm
AL State Bar No. ASB-7909- K72J
Attorney Code HAC-003
P.O. Box 1491
Alabaster, AL 35007
Telephone: (205) 542-2500
Email: jdannyhackney@gmail.com
*Attorneys for Plaintiff,*
*Tequell Duff a.k.a. Tequell Fernandez*